IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WALTER NORWOOD**                                                                                  **PLAINTIFF**

**VS.**                                                            **CIVIL ACTION NO. 3:04CV810 BN**

**TUSCOLAMETA, INC.; CORNELL
CORRECTIONS OF TEXAS, INC., d/b/a
WALNUT GROVE YOUTH CORRECTIONAL
FACILITY; MTI BILLY SPARKMAN and John Does 1-5**            **DEFENDANTS**

## FIRST AMENDED COMPLAINT

This Complaint is filed pursuant to 42 U.S.C. § 1983 for violation of Walter Norwood's civil rights as follows:

### Parties, Jurisdiction and Venue

1.      The Plaintiff Walter Norwood is an adult resident citizen of Pearl, Mississippi.

2.      Defendant Tuscolameta, Inc., is a corporation organized and existing under the laws of the State of Mississippi, which may be served through its agent for service of process, Lee Thaggard, at 505 Constitution Avenue, Meridian, MS, 39302-2009.

3.      Defendant Cornell Corrections of Texas, Inc., is a corporation organized and existing under the laws of the State of Texas. At all pertinent times, Defendant Cornell was registered to do business in the State of Mississippi and may be served with process through its registered agent, C.T. Corp., located at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

4.      Defendant, MTI Billy Sparkman, maybe served at his residence address of 704 Carver Street, Carthage, MS 39051.

5.      John Does #1-5 include but may not be limited to any other individuals or entities whose current identities are unknown to Plaintiff and who are responsible in any way for the acts

complained of in this Complaint and/or the damages suffered by the Plaintiff.

6.      This action is brought pursuant to 42 U.S.C §§ 1983 and 1998 and the Constitution of the United States of America.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(3) and the Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

7.      Venue is proper as the cause of action occurred and accrued in Leake County, Mississippi which is included in the Jackson Division of this Court.

8.      The Plaintiff demands a jury trial.

### Factual Background

9.      This lawsuit involves acts which were committed by employees of the Walnut Grove Youth Correctional Facility (hereinafter referred to as "Walnut Grove") located in Walnut Grove, Mississippi.  Walnut Grove was owned and operated by Tuscolamera, Inc., at the time of the acts alleged herein, Upon information and belief, Walnut Grove is currently owned by Cornell Corrections of Texas, Inc.  During all pretinent times, MTI Sparkman was an employee of the Walnut Grove entities.  Walnut Grove, Tuscolameta and Cornell will hereinafter be referred to as the "Walnut Grove entities."  The Walnut Grove entities, MTI Sparkman and John Does 1-5 will hereinafter be referred to as "Defendants."

10.     Plaintiff Walter Norwood (hereinafter referred to as "Norwood") was incarcerated in 2003 at the Walnut Grove Youth Correctional Facility in Walnut Grove, Mississippi.  During the period of Norwood's incarceration, he was subjected to various acts of physical abuse including but not limited to the following: an incident wherein another inmate was allowed and encouraged to strike Norwood in the presence of Walnut Grove employees; and an incident wherein an employee

of Walnut Grove, namely MTI Sparkman, directed other inmates to hold Norwood down while MTI

Sparkman forced food into Norwood's rectum with his boot.  In addition to the foregoing, Norwood

suffered continuing emotional and mental abuse including but not limited to derogatory and harsh

language and comments.

### Causes of Action

11.   The above-described actions were taken in violation of the rights secured to the

Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

12.   Defendants owed to Norwood the duty of reasonable care, skill, and diligence

required of correctional facility employees.  Defendants breached the minimum duty of reasonable

care, skill, and diligence and were negligent, grossly negligent and reckless in a number of ways,

including but not limited to, their negligent training of Walnut Grove employees; negligent failure

to implement policies and procedures designed to prevent acts such as those described above; failing

to properly screen applicants for positions at Walnut Grove; failing to allow Norwood to have

medical care directly following the physical acts as stated above.  In addition to the foregoing,

Defendants are liable for the intentional acts of Walnut Grove employees including but not limited

to those set out above.  Also, Defendants are liable for the acts of employees of Walnut Grove

including but not limited to those set out above which violated the internal policies and procedure

adopted by Defendant and/or the Walnut Grove entities.   The negligence, gross negligence,

recklessness and/or intentional conduct of Defendants in failing to follow the minimum standard of

care as set out above is the direct and proximate cause of injuries to Norwood.

13.   Defendant were grossly negligent in the acts as outlined above with respect to the

proper exercise of their police powers in a manner consistent with the Fourth and Fourteenth

Amendments to the United States Constitution.

14.     The negligence of the Defendants in the aforesaid respects was so gross as to constitute deliberate indifference to the rights of the Plaintiff.

15.     Defendants knew that, during the course of their employment as correctional facility officers, they had acted in violation of the rights of persons secured by the Fourth and Fourteenth Amendments to the United States Constitution, but did nothing to prevent future violations or cure past violations.

16.     By virtue of the foregoing, the Defendants are liable to the Plaintiff pursuant to 42 U.S.C. § 1913.

17.     The aforesaid conduct of the evidences international reckless and callous indifference to the federally protected rights of the Plaintiff.

18.     The actions of Defendants further constitute intentional assault and battery under Mississippi law.

19.     The injuries to Norwood are the direct and proximate result of the negligence, gross negligence, recklessness, and/or intentional conduct on the part of Defendants in the breaches as set out above.  Norwood suffered severe injuries including but not limited to past, present and future mental, physical and emotional pain and suffering; past, present and future medical expenses and bills; past, present and future emotional distress.  Norwood seeks damages in this Complaint for such injuries.

20.     Norwood demands actual, compensatory, incidental, and consequential damages in an amount in excess of the jurisdictional limits of the Court.

21.     In addition, Norwood maintains that the conduct of Defendants was without just cause

-4-

and in reckless, conscious and/or knowing disregard for the rights and personal safety of the decedent. Moreover, Defendants' actions, omissions, and conduct was intentional and/or constituted gross negligence and/or recklessness justifying the imposition of punitive damages.  Plaintiff requests an award of punitive damages in an amount sufficient to deter similar conduct in the future.

WHEREFORE, PREMISES CONSIDERED, Walter Norwood, requests a trial by jury and demands from all Defendants, individually, jointly, and severally, actual, compensatory, consequential, and incidental damages, attorney fees, punitive damages, pre and post judgmental interest, and such other relief as the Court and the jury deem just.

This the /// day of January, 2005.

Respectfully submitted,

WALTER NORWOOD


BY:_____
MICHAEL V. CORY, JR.
JAMES E. PRICE, III.

OF COUNSEL:

James E. Price, III.
660 Lakeland Drive East, Suite 208
Flowood, MS 39232
(601) 936-3670 (telephone)
(601) 936-3679 (facsimile)

Michael V. Cory, Jr., MSB# 9868
CORY & RIKARD, LLP
401 E. Capitol Street, Suite 412
P.O. Box 629
Jackson, MS 39205
(601) 355-3838 (telephone)
(601) 968-3886 (facsimile)